FILED
FEB - 2 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH KINARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12 0180 |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

According to the plaintiff, the Assistant United States Attorney who prosecuted the criminal case against him in the Superior Court of the District of Columbia in 1997 committed acts of misconduct and otherwise engaged in inappropriate behavior. For this reason, the plaintiff seeks reversal of his conviction.

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal

courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."). Nothing in the complaint suggests that the plaintiff's available remedy under D.C. Code § 23-110 is inadequate or ineffective. Moreover, this court is without the authority to review or overturn any judgment of the Superior Court. *See* D.C. Code § 11-721(a)(1) ("The District of Columbia Court of Appeals has jurisdiction of appeals from . . . all final orders and judgments of the Superior Court of the District of Columbia.").

The complaint fails to state a claim upon which relief can be granted, and it will be dismissed under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). An Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: 1-31/12